UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DAVID W. MASON, M.D., <br>     Plaintiff <br><br> v. <br><br> ACCENTURE LLP, <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> )    Civ. Action   1:21-CV-10422 <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT AND JURY DEMAND

The Plaintiff, David W. Mason ("Plaintiff" or "Mr. Mason"), brings this action for clear violations of the Uniformed Service Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. §§ 4301, *et seq.,* by his former employer, Accenture LLP ("Defendant," "Company" or "Accenture").

Mr. Mason is currently a commissioned officer in the United States Army Reserve. After he was hired by Accenture, but prior to his start date, Mr. Mason was called to duty overseas in Iraq. Accenture denied Mr. Mason initial employment and failed to place Mr. Mason on a military leave of absence during his active military service. The Company then again chose to ignore its obligations by failing to provide Mr. Mason with a military differential in pay he should have received during the period of his active service. Finally, Accenture failed to promptly reemploy Mr. Mason upon his return from his tour of duty by delaying his employment by several months. Accenture's willful disregard of the requirements of USERRA and the Company's own policies caused Mr. Mason to suffer harm. He brings this Complaint seeking redress from the Court.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this Complaint pursuant to 38 U.S.C. §4323(b) and 28 U.S.C. §1331.

2. Venue is proper in this district under 38 U.S.C. §4323(c)(2) and 28 U.S.C. §1391(b)(2).

## PARTIES

3. Plaintiff David W. Mason is an individual who resides in Cambridge, Middlesex County, Massachusetts who, at all time relevant, worked for the Defendant in its office located at 888 Boylston Street in Boston, Massachusetts.

4. Defendant Accenture LLP is a foreign limited liability partnership with a principal place of business located at 888 Boylston Street in Boston, Massachusetts.

## FACTS

5. Mr. Mason is currently a commissioned officer in the United States Army Reserve. He has both a Juris Doctor (J.D.) and a Master's Degree in Business Administration ("MBA") from the University of Pennsylvania.

6. He was hired by Accenture in December 2016 as a Senior Strategy Consultant on the Accenture Strategy Client & Market career track in the Accenture Senior Consultant Development Program ("ASCDP").

7. At that time, Mr. Mason received a hiring bonus and a retention bonus. He and the Company scheduled his full-time start date for August 2017.

8. However, in January 2017, Mr. Mason received Title 10 orders, in his capacity as a military officer, to report to active duty with the U.S. Army, with a report date of May 14, 2017. His initial orders were for 400 days of active duty service.

9. He notified Accenture promptly of his orders and was told that they would delay his start date with the Company to August 2018 due to his military obligations.

10. Thereafter, on May 14, 2017, Mr. Mason reported to 325th Military Intelligence Battalion, Detachment 6 in East Windsor, Connecticut, then to mobilization training at Fort Hood, Texas, and at Fort Bragg, North Carolina. Subsequently, on June 28, 2017, he deployed overseas to Baghdad, Iraq, in support of combat operations. He served in Iraq and returned to the U.S. in March 2018.

11. In February 2018, when Mr. Mason learned that he would be returning to the U.S. from active duty earlier than he originally anticipated, he notified the Company promptly of his availability to work. He further elaborated that he would be available and wished to join the May 2018 entering class. At all times relevant, Accenture offered several group start dates for the incoming "class" of MBA new hires including February, May, August, September and October.

12. Initially, Mr. Mason was told that he would be able to start his employment in May 2018, but, subsequently, Accenture took the position that he could not start until August 2018. The Company denied his request for prompt reemployment, and did not permit him to return to work until August 2018.

13. As a result of this violation, Mr. Mason was denied wages until August 2018, when he was finally reemployed.

14. Mr. Mason never surrendered the rights and benefits afforded him as a member of the military under state and federal law. To the contrary, in his correspondence with the Company, Mr. Mason clearly, consistently, and repeatedly expressed his intent to return to work after his active service ended.

15. Following a 10-month combat tour in Iraq, Mr. Mason started work at Accenture in August 2018. He continued his employment with the Company until September 2020.

16. Accenture willfully and deliberately violated federal law and breached its contractual obligations to Mr. Mason. He has lost wages, military differential pay and benefits as a result of Accenture's blatant violations.

## **COUNT ONE**
## **Violation of Uniformed Service Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. §§ 4301, *et seq.***

17. Paragraphs 1 through 16 of this complaint are incorporated herein by reference.

18. Defendant had a duty to refrain from denying Mr. Mason initial employment and/or prompt reemployment based on his military status or service.

19. By its conduct, as more particularly described above, the Defendant violated Mr. Mason's rights under 38 U.S.C. §4311(a), by *inter alia*, delaying the start date of his employment with the Company due to his tour of active duty, which was akin to denial of initial employment under USERRA, and by failing to promptly reemploy him upon his return from active duty.

20. The Defendant either knew that its conduct violated USERRA or showed reckless disregard for whether its conduct was prohibited by the Act.

21. As a result of Defendant's flagrant violations of 38 U.S.C. §4301, *et. seq.*, Mr. Mason has been harmed and is owed back pay, the value of the benefits he was denied during the time he was denied employment and liquidated damages as a result of these violations.

## COUNT TWO
## Breach of Contract/Breach of the Covenant of Good Faith and Fair Dealing

22. Paragraphs 1 through 21 of this complaint are incorporated herein by reference.

23. Pursuant to the Defendant's policies, including but not limited to its Military Leave Policy, a contract governing Mr. Mason's employment and military leave existed between Mr. Mason and the Defendant.

24. Under this contract, Defendant had an obligation to place Mr. Mason on a military leave of absence in August 2017 and for the period of his active duty.  Mr. Mason was also contractually entitled to a military pay differential and other employment benefits during the period of his active duty.

25. The Defendant, through the acts and omissions described above in his Complaint, unlawfully breached its contractual obligations and/or the implied covenant of good faith and fair dealing by knowingly denying Mr. Mason the benefits of the contract.

26. Mr. Mason suffered lost benefits and differential pay as a result of the Company's breach.

**WHEREFORE**, Plaintiff David W. Mason respectfully prays that this Court:

  a) Enter a judgment in his favor on all counts of this Complaint;

  b) Award him all back pay, value of benefits owed, military differential pay owed, as well as liquidated damages, as a result of Defendant's knowing and willful violations of USERRA and its contractual breaches;

  c) Award him attorneys' fees, costs and interest;

  d) Award him all available and appropriate statutory and equitable relief

  e) Award him such other relief as the Court deems just and proper.

**PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL MATTERS SO TRIABLE.**

                        Respectfully submitted,

                        David W. Mason,
                        Plaintiff
                        by his attorneys,

                        */s/  Beth R. Myers*
                        Beth R. Myers, BBO# 676043
                        bmyers@burnslev.com

                        */s/  Neerja Sharma*
                        Neerja Sharma, BBO# 654762
                        nsharma@burnslev.com
                        Burns & Levinson LLP
                        125 High Street
                        Boston, MA 02110
March 11, 2021           617-345-3000